IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 8:05CR389 |
| vs. ) | |
| ) | **PRELIMINARY ORDER** |
| JOSE CORDERO, ) | **OF FORFEITURE** |
| ) | |
| Defendant. ) | |

NOW ON THIS 31st day of October, 2006, this matter comes on before the Court upon the United States' Motion for Issuance of Preliminary Order of Forfeiture and <u>Memorandum</u> Brief.  The Court reviews the record in this case and, being duly advised in the premises, finds as follows:

1. The Defendant has entered into a Plea Agreement, whereby he has agreed to plead guilty to Counts I and II of said Indictment.  Count I of said Indictment charges the Defendant with possessing with intent to distribute marijuana, a violation of 21 U.S.C. § 841.  Count II of said Indictment charges the Defendant with using $617.00 in United States currency and a 2001 GMC Yukon, VIN  1GKEK13T01J138777 to facilitate the commission of the controlled substance violation and charges said personal properties are derived from proceeds obtained directly or indirectly as a result of the commission of the controlled substance violation.

2. By virtue of said plea of guilty, the Defendant forfeits his interest in the subject properties, and the United States should be entitled to possession of said properties, pursuant to 21 U.S.C., § 853.

3. The United States' Motion for Issuance of Preliminary Order of Forfeiture should be sustained.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

A.  The United States' Motion for Issuance of Preliminary Order of Forfeiture is hereby sustained.

B.  Based upon Count II of the Indictment and the Defendant's plea of guilty, the United States Marshal for the District of Nebraska ("Marshal") is hereby authorized to seize the following-described properties:  $617.00 in United States currency and a 2001 GMC Yukon, VIN  1GKEK13T01J138777

C.  The Defendant's interest in said properties is hereby forfeited to the United States of America for disposition in accordance with the law, subject to the provisions of 21 U.S.C., § 853(n)(1).

D. The aforementioned forfeited properties are to be held by the Marshal in his secure custody and control.

E.  Pursuant to 21 U.S.C., § 853(n)(1), the Marshal forthwith shall publish at least once for three successive weeks in a newspaper of general circulation, in the county where the subject properties are situated, notice of this Order, notice of the Marshal's intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in any of the subject forfeited properties must file a Petition with the court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

F.  Said published notice shall state the Petition referred to in Paragraph E., above, shall be for a hearing to adjudicate the validity of the Petitioner's alleged interest in the properties, shall be signed by the Petitioner under penalty of perjury, and shall set forth the nature and extent of the

Petitioner's right, title or interest in the subject properties and any additional facts supporting the Petitioner's claim and the relief sought.

G.  The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties subject to this Order as a substitute for published notice as to those persons so notified.

H.  Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C., § 853(n), in which all interests will be addressed.

ORDERED this 31st day of October, 2006.

**BY THE COURT:**

s/ Joseph F. Bataillon
**JOSEPH F. BATAILLON, CHIEF JUDGE
United States District Court**